In re Estate of Karras.*

(No. 2864—Decided October 24, 1959.)

Mr. Harry E. Klide, for appellant Harry G. Karras.

Mr. John W. Ergazos, for appellees Margaret Karras and John W. Ergazos, administrator.

McClintock, J.   This is an appeal on questions of law from a judgment of the Probate Court.   An application was filed in the Probate Court by Harry G. Karras, brother of Thomas G. Karras, to probate the alleged lost will of the decedent, Thomas G. Karras.   At the conclusion of the testimony, counsel for the administrator and the surviving spouse moved for dismissal on the ground that the proponent of the alleged lost will had failed to sustain the burden of proof, and, thereupon, the court found that the motion was well taken and sustained the same.

Thereafter, a motion for a rehearing was filed by the appli-

---

*Motion to certify the record overruled, January 13, 1960.

cant and this motion was overruled by the Probate Court. Thereafter, the applicant appealed to this court on questions of law and sets out the following assignments of error, to wit:

"1. The Probate Court erred in refusing to allow into evidence for its consideration declarations made by the testator to various persons in regards to execution of his will.

"2. The Probate Court erred in refusing to allow the introduction of evidence pertaining to a divorce proceeding which was instituted by the wife of decedent.

"3. The Probate Court erred in refusing to admit into evidence medical records of a hospital, and business records of the Stark County Home.

"4. The Probate Court erred in the exercise of its discretion by permitting excessive and unwarranted cross-examination of the witnesses presented by applicant-appellant.

"5. The Probate Court erred in unduly and erroneously emphasizing throughout the hearing that the burden of the appellant was to show that the will was in existence at the time of decedent's death.

"6. The Probate Court erred in its rulings that certain evidence was inadmissible on the ground that such evidence involved attorney-client confidential communications.

"7. The Probate Court erred in its application and interpretation of Section 2317.03 of the Ohio Revised Code to the instant hearing."

The facts in this case, briefly, are as follows: Attorney John W. Ergazos prepared a will for the decedent, Thomas G. Karras, which was executed by the decedent. After the execution of the will, the decedent took the original copy of the will with him, and an unsigned copy of the will was retained by the attorney. All the important papers of the decedent were kept in a safety deposit box at the Dime Savings Bank in Canton, and he was the only person having access to that box.

Decedent died on February 4, 1959, leaving Margaret Karras his widow and only heir at law. Thereafter, the safety deposit box was opened and inventoried on February 11, 1959, and no will was found, there being no will found elsewhere. Thereafter, an application for letters of administration was filed on

February 11, 1959, together with a declamation signed by the surviving spouse, and, subsequently, John W. Ergazos was appointed administrator.

Numerous witnesses testified at a hearing held on June 11, 1959, and an application was made to dismiss the application to probate the will, and the Probate Court, after hearing arguments, found that the contents of the will had been proven, but that there was no proof as to the execution of the will and no evidence that the will was in existence at the time of the death or had been lost prior to the death of the decedent, without his knowledge.

The Probate Court Judge, after hearing the testimony, rendered an opinion which in part reads as follows:

"Now there is no question but what there was * * * that they proved the contents of a copy of the will. There is no proof, in my opinion, as to an execution. There is no evidence to show that the original will was written up at that time, was delivered to Mr. Karras, the decedent, and of course, the presumption is that the will in his possession, in the possession of the testator, that cannot be found at the time of death, is presumed to be destroyed or revoked by him, unless you can prove by clear and convincing proof that lack of knowledge of the loss or destruction, that lack of knowledge on his part. Now there is no evidence here to show that, in my opinion, that there was a loss or destruction of the will, nor that he had any knowledge of it, because there was no evidence that it was lost, and from all the evidence I am going to have to sustain the motion."

We will now consider the assignments of error. The Probate Court refused to allow into evidence declarations made by the testator to various persons in regard to the execution of the will and also refused to permit the appellant to testify regarding a conversation between him and his brother, the decedent.

On this question, we cite Section 2317.03 of the Revised Code (126 Ohio Laws, 39), which became effective October 4, 1955:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane per-

son or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except:

"(A) As to facts which occurred after the appointment of the guardian or trustee of an insane person, and, in the other cases, after the time the decedent, grantor, assignor, or testator died;

"(B) When the action or proceeding relates to a contract made through an agent by a person since deceased, and the agent is competent to testify as a witness, a party may testify on the same subject;

"(C) If a party, or one having a direct interest, testifies to transactions or conversations with another party, the latter may testify as to the same transactions or conversations;

"(D) If a party offers evidence of conversations or admissions of the opposite party, the latter may testify concerning the same conversations or admissions; and, if evidence of declarations against interest made by an insane, incompetent, or deceased person has been admitted, then any oral or written declaration made by such insane, incompetent, or deceased person concerning the same subject to which any such admitted evidence relates, and which but for this provision would be excluded as self-serving, shall be admitted in evidence if it be proved to the satisfaction of the trial judge that the declaration was made at a time when the declarant was competent to testify, concerning a subject matter in issue, and, when no apparent motive to misrepresent appears;

"(E) In an action or proceeding by or against a partner or joint contractor, the adverse party shall not testify to transactions with, or admissions by, a partner or joint contractor since deceased, unless they were made in the presence of the surviving partner or joint contractor, and this rule applies without regard to the character in which the parties sue or are sued;

"(F) If the claim or defense is founded on a book account, a party may testify that the book is his account book, that it is a book of original entries, that the entries therein were made in the regular course of business by himself, a person since deceased, or a disinterested person, and the book is then competent

evidence in any case, without regard to the parties, upon like proof by any competent witness;

"(G) If after testifying orally, a party dies, the evidence may be proved by either party on a further trial of the case, whereupon the opposite party may testify to the same matters;

"(H) If a party dies and his deposition is offered in evidence, the opposite party may testify as to all competent matters therein.

"This section does not apply to actions for causing death, or actions or proceedings involving the validity of a deed, will or codicil. When a case is plainly within the reason and spirit of this section and Sections 2317.01 and 2317.02 of the Revised Code, though not within the strict letter, their principles shall be applied."

The appellant herein made the application to probate the will and would, therefore, be precluded from testifying concerning matters occurring prior to the death of the decedent.

Of course, declarations made by the decedent prior to his death may be introduced into evidence, provided a proper foundation has been made for the introduction of such evidence.

It is our opinion that assignment of error No. 1 should be overruled.

As to assignment of error No. 2, it is claimed that the court below erred in denying appellant's motion for a new hearing. This assignment of error is not well taken and will be overruled.

As to assignment of error No. 3, appellant claims that the court erred in not admitting medical records of Nick Thomson. The record shows that there was no testimony presented which would serve as the basis for the introduction of such records, and it is our opinion that it was immaterial and irrelevant to the matter; and for the reasons herein stated assignment of error No. 3 is overruled.

As to assignment of error No. 4, from an examination of the record we do not find that there was any excessive and unwarranted cross-examination of witnesses. For that reason assignment of error No. 4 is not well taken.

As to assignment of error No. 5, from an examination of the record we do not find that there was any undue emphasizing

as to the burden of proof; and for this reason assignment of error No. 5 is not well taken.

As to assignment of error No. 6, it is the law of this state that an attorney who becomes a subscribing witness to a will is no longer precluded from testifying on the basis of the attorney-client privilege, but, however, this waiver extends only to matters affecting the validity of the will. It is not a general waiver of the attorney-client privilege, nor does it permit the attorney to testify without the consent of his client to matters not connected with the will. For these reasons, assignment of error No. 6 is not well taken.

As to assignment of error No. 7, it is claimed by the appellant that Section 2317.03 of the Revised Code does not extend to the widow, as she is not an adverse party. The widow, being the sole heir at law, is definitely within the rule stated in Section 2317.03 of the Revised Code, and for this reason assignment of error No. 7 is not well taken.

In conclusion, after a careful reading of this record, we are of the opinion that the judgment of the Probate Court should be, and hereby is, affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and MCLAUGHLIN, J., concur.